

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

September 13, 1965

Honorable R. L. Coffman
Administrator
Texas Employment Commission
Austin, Texas

Dear Mr. Coffman:

Opinion No. C-501

Re: Requisites for issuance,
service, and enforcement of
Commission subpoenas under
Article 5221b-9(g), V.C.S.

You have requested our opinion relative to five questions, and we will discuss and answer them in a different order from which you stated them, in order to more clearly develop the subject.

One of the questions propounded by you in your opinion request was whether Article 5221b-9(g), V.C.S., authorized the filing of criminal proceedings or merely prescribes the penalty to be assessed in contempt proceedings in connection with a court order commanding obedience to the Commission's subpoena. The cardinal rule of statutory interpretation is to ascertain the intent of the Legislature after reading the statute as a whole and in light of past laws. Article 5221b-9(g) provides as follows:

> "(g) Subpoenas: In case of contumacy by, or refusal to obey a subpoena issued by a member of the Commission or any duly authorized representative thereof to any person, any County or District Court of this State within the jurisdiction of which the inquiry is carried on or within the jurisdiction of which said person guilty of contumacy or refusal to obey is found or resides or transacts business, upon application by the Commission or its duly authorized representative, shall have jurisdiction to issue to such person an order requiring such person to appear before a commissioner, the Commission, or its duly authorized representative, there to produce evidence if so ordered or there to give testimony touching the matter under investigation or in question; and any

-2368-

> failure to obey such order of the court
> may be punished by said court as a
> contempt thereof. Any person who shall
> without just cause fail or refuse to
> attend and testify or to answer any law-
> ful inquiry or to produce books, papers,
> correspondence, memoranda, and other
> records, if it is in his power so to do,
> in obedience to a subpoena of the Com-
> mission, shall be punished by a fine of
> not less than Two Hundred Dollars ($200),
> or by imprisonment for not longer than
> sixty (60) days, or by both such fine
> and imprisonment, and each day such vio-
> lation continues shall be deemed to be a
> separate offense." (Emphasis added)

After reading Section (g) of Article 5221b-9 as a whole, it is clear that the Legislature merely intended to prescribe a penalty to be assessed in contempt proceedings in connection with a court order commanding obedience to the Commission's subpoena rather than authorizing the filing of criminal proceedings.

The third question in your opinion request was whether mis-demeanor charges may be filed under Article 5221b-9(g) in cases where the subpoena is not signed by three (3) Commissioners who comprise the Texas Employment Commission but rather by duly authorized representatives. In light of our holding above, we feel this question is not germane since misdemeanor charges are not authorized by the Act.

You also asked whether a witness fee must be tendered with service of the Administrative subpoena and in answer thereto we would again direct your attention to Article 5221b-9, and state that this Act does not provide for tender of any witness fee. Therefore, it is the opinion of this office that no witness fee need be tendered with service of the Administrative subpoena.

The first question asked by your opinion request was whether a subpoena issued under Article 5221b-9 may be lawfully served by someone other than a peace officer. Article 5221b-9 does not directly provide who may serve such a subpoena.

It is elementary that in determining legislative intent one should look to the entire act and all of its terms. Barber v. Giles, 146 Tex. 401, 208 S.W.2d 553 (1948); Mason v. West Texas Utilities Co., 150 Tex. 18, 237 S.W.2d 273 (1951); Reed v. Waco, 223 S.W.2d 247 (Tex.Civ.App. 1949, error ref.). It is also

elementary that in determining legislative intent one should look to the history of the legislation in question. 53 Tex.Jur.2d 252. In light of these two rules of interpretation it should be noted that subsection (f) of Article 5221b-9, V.C.S., was amended by the 59th Legislature of the State of Texas. Subsection (f) of Article 5221b-9, V.C.S., prior to amendment provided as follows:

> "(f) Oaths and Witnesses: In the discharge of the duties imposed by this Act, the chairman of an appeal tribunal and any duly authorized representative or member of the Commission shall have power to administer oaths and affirmations, take depositions, certify to official acts, and issue subpoenas to compel the attendance of witnesses and the production of books, papers, correspondence, memoranda, and other records deemed necessary as evidence in connection with a disputed claim or the administration of this Act."

Subsection (f) as amended by Chapter 150 of the 59th Legislature provides as follows:

> "(f) Oaths and Witnesses: . . . Notwithstanding the provisions of Article 3912e, Vernon's Texas Civil Statutes, or any other provision of the laws of this state, the fees of sheriffs and constables for serving such subpoenas shall be paid by the Commission out of administrative funds, and the Comptroller of Public Accounts shall issue warrants for such fees as directed by the Commission." (Emphasis added)

It is therefore the opinion of this office that a sheriff or constable would be the proper person to lawfully serve the administrative subpoena in question.

Your fifth question was whether the punishment provided in Article 5221b-9(g), V.C.S., is unconstitutional and in answer thereto we state that we are unable to find any ground on which this provision could be held unconstitutional.

## S U M M A R Y

1. Article 5221b-9(g), V.C.S., prescribes the

penalty to be assessed in contempt proceedings in connection with a court order commanding obedience to the Commission's subpoena.

2. A witness fee need not be tendered with service of the administrative subpoena.

3. The administrative subpoena authorized under Article 5221b-9(g), V.C.S., should be served by a sheriff or constable.

4. The punishment provided by Article 5221b-9(g), V.C.S., is constitutional.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By James P. Briscoe
James P. Briscoe
Assistant Attorney General

JPB:sss

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
Brandon Bickett
Robert Norris
Howard M. Fender

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright